**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ENRIQUE AROLDO LOPEZ FRANCO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **Warden J.L. JAMISON, sued in his official** | : | |
| **capacity as Warden, Federal Detention** | : | |
| **Center, Philadelphia, JOHN E. RIFE, sued in** | : | |
| **his official capacity as Acting Field Office** | : | |
| **Director, Immigration and Customs** | : | |
| **Enforcement, Enforcement and Removal** | : | |
| **Operations, Philadelphia Field Office,** | : | |
| **SECRETARY MARKWAYNE MULLIN,** | : | |
| **sued in his official capacity as Secretary of** | : | |
| **the Department of Homeland Security,** | : | |
| **TODD BLANCHE, sued in his official** | : | |
| **capacity as Acting U.S. Attorney General,** | : | |
| **U.S. DEPARTMENT OF HOMELAND** | : | |
| **SECURITY, EXECUTIVE OFFICE FOR** | : | |
| **IMMIGRATION REVIEW** | : | **NO. 26-4899** |

## ORDER

**NOW**, this 16th day of July, 2026, upon consideration of Petitioner Enrique Aroldo Lopez Franco's Verified Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1.    Lopez Franco is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.    The government shall release Lopez Franco from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **10:00 P.M. E.T.** on **July 16, 2026**.

3.    The government shall return all personal belongings confiscated from Lopez Franco upon his detention, including identification documents.

4.      The government is temporarily enjoined from re-detaining Lopez Franco for seven days following his release from custody.

5.      If the government pursues re-detention of Lopez Franco, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.      The government shall not remove, transfer, or otherwise facilitate the removal of Lopez Franco from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.      If the immigration judge determines Lopez Franco is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Lopez Franco if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Lopez Franco, a citizen of Guatemala, entered the United States at the U.S.-Mexico border in October 2018. *See* Verified Pet. for Writ of Habeas Corpus ["Pet."] ¶ 17, ECF No. 1. He has since resided in Philadelphia, PA and works as a carpenter and plumber. *Id.* ¶¶ 18–19. The government indicates he has no known criminal history. *See* Respondents' Resp. to Pet. for Writ of Habeas Corpus ["Resp."] 2, ECF No. 7.

On or about July 13, 2026, while driving to work, Immigration and Customs Enforcement stopped his vehicle and took him into custody with no prior notice or opportunity to contest his detention. Pet. ¶ 21. The government has denied Lopez Franco the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk. *See* Resp. 1–2. It contends that detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See id.*

Section 1225(b)(2) does not apply to individuals like Lopez Franco, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Lopez Franco is 8 U.S.C. § 1226(a).  That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d). We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.